## No. 9778.

### AMAYA *v.* THE PEOPLE.

PRACTICE IN ERROR—*Record.* The record presented upon application
for a supersedeas failing to show an objection taken to any in-
struction given, or that any instructions were tendered on the
part of the accused, or any exception taken to the giving or
refusal of any instruction, the instructions given being fair,
rulings as to the admission or exclusion of evidence devoid of
prejudice, and no errors being assigned, the judgment was
affirmed.

*Department One.*

*Error to Otero District Court, Hon. James A. Park, Judge.*

Mr. B. C. DURALL, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. FOR-
REST C. NORTHCUTT, assistant, for The People.

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error, hereinafter designated as defendant,
was convicted of burglary and larceny, and sentenced to a
term of from three to five years in the state penitentiary.
From that judgment he brings error and asks the issuance
of a supersedeas.

In addition to the briefs of counsel, five documents are
filed here. 1. Certified copies of the information, verdict,
instructions, motion for new trial, order overruling the
same, and judgment. These are further certified by the
clerk of the trial court as "The original bill of exceptions
filed in my office," but bear no such file mark. This docu-
ment is O. K'd. by the deputy District Attorney, "as certi-
fied," whatever that may mean. 2. A transcript of the
evidence at the trial. This is signed and sealed by the
judge, and was filed in the court below. 3. An application
for writ of supersedeas. 4. A so-called "Assignment of
errors" which is a sort of desultory comment on the trial,
containing citations of authority, long excerpts from the
evidence, etc. 5. "Defendant's request for Instructions."

These are seven in number and are signed by defendant's counsel but are not certified.

There is nothing in this record to indicate that an objection was made to any instruction given by the court or that the so-called requested instructions of the defendant were ever tendered, or that the trial judge ever saw them, or that any exception was saved to any ruling made on the subject of instructions. A very few exceptions were saved to rulings on evidence. These matters we pass by with the observation that the instructions given seem fair and the rulings on evidence devoid of prejudice. They will not be further considered because of the absence of any proper assignment of error.

"Plaintiff in error shall assign errors in writing at the time of filing the record and each error shall be separately alleged and particularly specified."

Rule 30 of this court.

"If the plaintiff in error shall fail to assign error, the writ of error shall be dismissed."

Rule 31 of this court.

All the other contentions here made relate to the alleged insufficiency of the evidence to support the verdict. It appears that the defendant is a Mexican, unable to speak the English language, and, despite the fact that there is no record here which entitles him to a review of this cause, out of an abundance of caution, lest one so handicapped might be the victim of injustice, we have carefully read all the evidence taken at the trial. So far from failing to support the verdict it convinces us beyond a reasonable doubt of defendant's guilt.

The judgment is accordingly affirmed.

Garrigues, C. J., and Teller, J., concur.